UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN BUTLER, SR., | CASE NO. 1:17-cv-00623-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF NO. 8)** |
| ESCAMILLA, et al. | **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on May 2, 2017. (ECF No. 1.) Before his initial complaint was screened, however, Plaintiff filed an amended complaint ("FAC") on June 1, 2017. (ECF No. 8.)

His FAC is before the Court for screening.

**I. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) That a right secured by the Constitution or laws of the United States was violated; and (2) That the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, at 677-78.

## III. Plaintiff's Allegations

Plaintiff is incarcerated at California State Prison – Los Angeles County ("LAC"). He names California State Prison, Corcoran correctional officers Escamilla and H. Luna

as Defendants, and brings what appear to be Eighth Amendment excessive force claims against both.

Plaintiff's allegations are meager. They may be summarized essentially as follows:

Luna and Escamilla used "excessive or inappropriate use of force," he was battered on parts of his body, including his chin and the back of his head, and he suffered a chin laceration.

He states that he believes he is "entitled jurisdiction" and that the "action amount demanded does not exceed $10,000" yet also exceeds $25,000.

## IV. Discussion

### A. Linkage

Under § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his or her rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff alleging a constitutional violation must, therefore, "set forth specific facts as to each individual defendant's" deprivation of his or her rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff only states the following with respect to Defendants Escamilla and Luna: "Correctional officer's [sic] [Escamilla and Luna] use excessive or inappropriate use of force." Although the Court is to construe a pro se prisoner's complaint liberally, Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013), the Court cannot determine the nature of Defendants' specific conduct or how the injuries set forth by Plaintiff may have been the result of Escamilla or Luna's alleged "excessive or inappropriate use of force." If Plaintiff wishes to proceed against Defendants Escamilla and Luna, he must allege sufficient facts to link them to a constitutional violation.

**B.      Excessive Force**

The Cruel and Unusual Punishment Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the used force inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Therefore, a court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 6-7. "The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (noting that the Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).

Plaintiff has failed to state a claim on which relief may be granted. The limited facts presented do not provide the Court with sufficient information to determine the circumstances under which force apparently was used against him, whether the force was in response to some legitimate security concern, whether it was an excessive response to a perceived or actual risk, or whether any aspect of it reflected an unnecessary and wanton infliction of pain. If Plaintiff elects to amend, he should include sufficient facts to enable the Court to understand what was said and done by whom in

connection with the use of force and the events immediately preceding and following its use. He must address the above-noted legal criteria and pleading deficiencies.

Plaintiff will be given leave to amend.

## V.    Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. See Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim on which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed June 1, 2017;

3. Within thirty (30) days from the date of service of this Order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this Order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: June 12, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE