| | |
|---|---|
| DERWIN BUTLER, SR.,<br><br>Plaintiff,<br><br>v.<br><br>ESCAMILLA, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-00623-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF NO. 17)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to magistrate judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

Plaintiff's Second Amended Complaint ("SAC") is before the Court for screening. In the "Exhaustion of Administrative Remedies" portion of the form Amended Complaint filed by Plaintiff, Plaintiff states: "First level response, bypass. Accepted at the second level of review granted in part. Third level still waiting on response." (ECF No. 17.)

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

1

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." CAL. CODE REGS. tit. 15, § 3084.1(a). The inmate must submit their appeal on the proper form, and is required to identify the staff member(s) involved as well as describing their involvement in the issue. See CAL. CODE REGS. tit. 15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal. See CAL. CODE REGS. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id.

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. The PLRA's exhaustion requirement is not jurisdictional; it creates an affirmative defense that defendants must plead and prove. Id. However, "in those rare cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to state a claim is appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal"), overruled on other grounds by Albino,

747 F.3d at 1166; Sorce v. Garikpaetiti, No. 14-cv-0327 BEN (JMA), 2014 WL 2506213, at *2 (S.D. Cal. June 2, 2014) (relying on Albino and dismissing the complaint on screening because "it is clear from the face of [plaintiff's] pleading that he has conceded that he failed to exhaust all available administrative remedies . . . *before* he commenced this action") (emphasis in original).

It appears from the face of Plaintiff's complaint that he has not yet exhausted the administrative remedies available to him. Accordingly, the Court will require Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies. If the Court concludes that Plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even if Plaintiff has exhausted remedies while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1170-71 (9th Cir. 2005); 42 U.S.C. § 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause, within fourteen (14) days, why this action should not be dismissed for failure to exhaust administrative remedies. Failure to respond to this order and to show cause will result in dismissal of the action without prejudice for failure to exhaust.

IT IS SO ORDERED.

Dated: September 12, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE