UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN BUTLER, SR., | Case No. 1:17-cv-00623-MJS (HC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |
| v. | |
| ESCAMILLA, et al., | **CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action. His second amended complaint is before the Court for screening.

On September 12, 2017, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to exhaust administrative remedies, in light of the following statement in the "Exhaustion of Administrative Remedies" portion of the form complaint: "First level response, bypass. Accepted at the second level of review granted in part. Third level still waiting on response." (ECF No. 19 (quoting ECF No. 17).) On

September 21, 2017, Plaintiff responded by submitting a copy of a July 24, 2017 letter from the CDCR Office of Appeals, which states that a third level appeal submitted by Plaintiff was rejected. (ECF No. 20.)

**I.      Legal Standard**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal Code Regs. tit. 15, § 3084.1(a). The inmate must submit their appeal on the proper form, and is required to identify the staff member(s) involved as well as describing their involvement in the issue. See Cal. Code Regs. tit. 15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id.

1     "[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. The PLRA's exhaustion requirement is not jurisdictional; it creates an affirmative defense that defendants must plead and prove. Id. However, "in those rare cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to state a claim is appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal"), overruled on other grounds by Albino, 747 F.3d at 1166; Sorce v. Garikpaetiti, No. 14-cv-0327 BEN (JMA), 2014 WL 2506213, at *2 (S.D. Cal. June 2, 2014) (relying on Albino and dismissing the complaint on screening because "it is clear from the face of [plaintiff's] pleading that he has conceded that he failed to exhaust all available administrative remedies . . . before he commenced this action") (emphasis in original).

## II. Discussion

The face of Plaintiff's complaint makes clear that Plaintiff had not completed the administrative appeal process at the time of filing his second amended complaint. (ECF No. 17.) The letter presented by Plaintiff in his response to the order to show cause further demonstrates that Plaintiff had not exhausted the administrative remedies available to him. (ECF No. 20.) Rather, that letter, dated after the second amended complaint was filed, shows that such remedies remained available. Again, Plaintiff may not exhaust remedies while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1170-71 (9th Cir. 2005); 42 U.S.C. § 1997e(a). The action therefore must be dismissed.

## III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The second amended complaint is dismissed without prejudice for failure to exhaust administrative remedies;

2. The Clerk of Court is directed to terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated: September 25, 2017       /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

4